DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of voluntary manslaughter with a firearm specification. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appointed counsel Veronica Murphy has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In support of her request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, she was unable to find any appealable issues. Counsel for appellant does, however, examine possible errors regarding the effectiveness of trial counsel and the sentencing hearing.
 {¶ 3} A review of the record reveals the following relevant facts. On February 7, 2005, appellant was charged by information with one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and (G) and one count of voluntary manslaughter in violation of R.C. 2903.03 with a firearm specification pursuant to R.C. 2941.145. Appellant originally had been indicted on a charge of aggravated murder with a firearm specification and a charge of carrying a concealed weapon (trial court case No. CR04-2632). On February 15, 2005, appellant was arraigned on the information. Appellant waived his right to prosecution by indictment orally and in writing. Pursuant toNorth Carolina v. Alford (1970), 400 U.S. 25, appellant then entered a plea of guilty to the manslaughter charge and gun specification with the understanding that a nolle prosequi would be entered at sentencing as to the aggravated murder and concealed weapon charges. The trial court accepted appellant's plea and, based on the record of the case, made a finding of guilt.
 {¶ 4} Appellant waived his right to a presentence investigation and report and the case proceeded directly to sentencing. The trial court stated it had considered the record, oral statements, principles and purposes of sentencing pursuant to R.C. 2929.11 and that it had balanced the seriousness and recidivism factors as required under R.C. 2929.12. The trial court sentenced appellant to the maximum ten years in prison on the voluntary manslaughter conviction to be served consecutive to a mandatory three-year sentence on the firearm specification.
 {¶ 5} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 6} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant was notified by counsel of his right to file an appellate brief on his own behalf; however, no such brief was filed. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 7} As a first potential assignment of error, counsel for appellant considers the issue of ineffective assistance of trial counsel. Upon our thorough review of the record, we find that such an argument would have no merit. At the plea hearing, trial counsel went to great lengths to explain to appellant the consequences in his case of waiving indictment and entering a plea to the information. Counsel read the required forms to appellant, whose reading skills are limited. When asked by the trial court, appellant stated he was satisfied with the advice counsel gave him and with his competence as an attorney. Counsel also spoke at length on appellant's behalf prior to imposition of sentence. Based on the foregoing, we find appellant's first potential assignment is not well-taken.
 {¶ 8} As a second potential assignment of error, counsel for appellant considers whether the trial court complied with the statutory requirements for imposition of a maximum sentence. Upon our review of the transcript of the sentencing hearing, we find this argument is without merit. Ten years is the maximum sentence a trial court may impose for voluntary manslaughter, a first-degree felony. As to the imposition of a maximum sentence, pursuant to R.C. 2929.14(C), the sentencing court may impose the longest sentence authorized for an offense only if it finds that the offender committed the worst form of the offense, poses the greatest likelihood of committing future crimes, is a major drug offender, or is a repeat violent offender. Further, the sentencing court must state the reasons that support its findings on the record during the sentencing hearing. R.C.2929.19(B)(2)(d).
 {¶ 9} Upon review of the transcript of appellant's sentencing hearing, we find the trial court complied with the requirements for imposition of a maximum sentence. At the hearing, the trial court found, pursuant to R.C. 2929.14(B), that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public. It further found appellant had committed the worst form of the offense of voluntary manslaughter. In support of its findings, the trial court noted it had heard two witnesses testify at a suppression hearing; the murder victim had been unarmed, and appellant had left the scene of the initial confrontation and returned with a gun, firing eight shots at the victim, six of which hit the man and caused his death. The trial court found that consecutive sentences were necessary to fulfill the purposes of R.C. 2929.11, were not disproportionate to the seriousness of the offender's conduct or the danger the offender poses, and were necessary because the harm caused was great or unusual. Based on the foregoing, we find no error as to imposition of appellant's sentence, and his second potential assignment of error is not well-taken.
 {¶ 10} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.